## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                   **Civ. No. 24-407**

**$16,000.21 IN FUNDS SEIZED FROM
U.S. BANK ACCOUNTS ENDING IN 3241
AND 5555**,

    *Defendant-in-rem.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims

and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1.    This is a civil action to forfeit and condemn to the use and benefit of the United

States of America funds constituting proceeds of violations of Title 8, United States Code

Section 1324, Bringing in and Harboring Certain Aliens, and Title 18 United States Code

Sections 1956 and 1957, Money Laundering and Engaging in Monetary Transactions in Property

Derived from Specified Unlawful Activity.  The Defendant *in rem* is subject to forfeiture

pursuant to Title 18 United States Code Sections 981(a)(1)(A), 981(a)(1)(C), and 984.

### DEFENDANT *IN REM*

2.    The Defendant *in rem* consists of the following:

$16,000.21 IN FUNDS SEIZED FROM U.S. BANK ACCOUNTS ENDING IN 3241 AND 5555

(hereinafter the "Defendant Property")

3.      The Defendant Property was seized by the U.S. Drug Enforcement Administration (DEA) on or about October 19, 2023, from a financial institution located in the District of Colorado and was thereafter transported to the District of New Mexico.

4.      The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

**JURISDICTION AND VENUE**

5.      The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.      Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

**FACTS**

7.      Joaquin Davila Castillo is a relative of Jose Davila Castillo.

8.      From on or about October 18, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, Jose Davila Castillo combined, conspired, confederated, agreed, and acted interdependently with others to commit an offense defined in 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii) and (a)(1)(B)(i), specifically, transporting and harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

9.      Beginning not later than October 18, 2022, and continuing until on or at least October 2, 2023, in Bernalillo County, in the District of New Mexico, and elsewhere, Jose Davila Castillo and others unlawfully, knowingly and intentionally combined, conspired, confederated, agreed and acted interdependently with each other to commit offenses defined in

18 U.S.C. § 1956, that is, to knowingly conduct financial transactions in and affecting interstate commerce involving proceeds from the harboring of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i), and (a)(1)(A)(v)(II), and conspiracy to commit harboring and transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), knowing that the property involved in the transactions represented the proceeds of a specified unlawful activity and that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of those proceeds, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h).

10.    As part of the offenses described above, Jose Davila Castillo and others directed individuals, including aliens being smuggled into the United States and friends and relatives of those aliens, to make payments via electronic transfer to one of several recipient bank accounts, including bank accounts held in the names of various associates and family members of Jose Davila Castillo.  These payments furthered the alien smuggling scheme and constituted gross proceeds of violations of 8 U.S.C. § 1324.  The alien smuggling scheme also involved large amounts of U.S. currency, including currency collected directly from aliens being smuggled and currency withdrawn from various bank accounts after receiving payments from aliens and other individuals.

11.    One of the recipient accounts used by Jose Davila Castillo in the course of the above-described offenses was a Zelle account with a phone number ending in 3637, which was linked to a U.S. Bank account ending in 3241.  This account was owned jointly by Joaquin Davila Castillo and another individual.

12.    On or about October 28, 2022, at the instruction of Jose Davila Castillo and other individuals working with him, a relative of aliens being smuggled into the United States made a payment of approximately $3,000 to the Zelle account with a phone number ending in 3637 in

order to further the smuggling of her relatives into the United States.  During the transaction, the

relative of aliens being smuggled into the United States asked an alien smuggler if the Zelle

account with a phone number ending in 3637 was in the name of "Joaquin" and the smuggler

confirmed that this was correct.

13.     As a result of the transaction described in the previous paragraph, the

approximately $3,000 paid by the relative of aliens being smuggled into the United States was

deposited into the U.S. Bank account ending in 3241 on or about October 28, 2022.  On the same

date, Joaquin Davila Castillo transferred approximately $3,000 via mobile banking transfer to the

U.S. Bank account ending in 5555, owned by Joaquin Castillo and held in the name of Joaquin

Davila Castillo DBA ZAC Distributing.

14.     Between October 28, 2022 and March 25, 2023, Joaquin Davila Castillo received

approximately $16,001.00 in Zelle transfers to the Zelle account with a phone number ending in

3637.  On information and belief, a significant portion of these funds constituted proceeds of

alien smuggling in violation of 8 U.S.C. § 1324.

15.     The U.S. Bank account ending in 3241 was also used to receive several large cash

deposits, including $11,600 on March 25, 2022, $7,955 on May 13, 2022, $3,000 on May 20,

2022, $18,495 on July 15, 2022, $10,000 on September 23, 2022, $8,000 on November 1, 2022,

$2,500 on December 23, 2022, $3,000 on January 4, 2023, $4,370 on January 26, 2023, and

$1,400 on April 19, 2023.  On information and belief, these funds constituted proceeds of alien

smuggling in violation of 8 U.S.C. § 1324.

16.     Much of the cash deposited in the transactions identified in the paragraph above

was transferred shortly thereafter to the U.S. Bank account ending in 5555, including in the

following amounts on the following dates: $13,113 on March 28, 2022, $9,000 on May 13, 2022,

a total of $4,200 on May 20, 2022, $19,600 on July 15, 2022, $11,000 on September 23, 2022,

$7,800 on November 1, 2022, $3,800 on December 27, 2022, a total of $3,000 between January 5, 2023 and January 17, 2023, a total of $6,620 between February 7, 2023 and February 16, 2023, and $2,000 on April 24, 2023.  On information and belief, these funds constituted proceeds of alien smuggling in violation of 8 U.S.C. § 1324.  On information and belief, these funds constituted property involved in money laundering and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. §§ 1956 and 1957.

17.     The U.S. Bank account ending in 5555 was also used to fund a number of significant cash withdrawals, including in the following amounts on the following dates.:  $1,800 on December 13, 2022, $2,000 on December 21, 2022,  $7,000 on December 22, 2022, $20,000 on December 28, 2022, $5,000 on January 12, 2023, and $13,600 on August 8, 2023.  The U.S. Bank account ending in 5555 was also used to send or attempt to send approximately $11,727.00 in Zelle transfers between October 28, 2022 and September 30, 2023.  On information and belief, these funds constituted proceeds of alien smuggling in violation of 8 U.S.C. § 1324.  On information and belief, these funds constituted property involved in money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

### FIRST CLAIM FOR RELIEF

18.     The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth herein.

19.     Title 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) or a conspiracy to commit such offense."

20.     Title 18 U.S.C. § 1956(c)(7)(A) includes as a "specified unlawful activity" "any act or activity constituting an offense listed in section 1961(1) of this title except an act which is

indictable under subchapter II of chapter 53 of title 31." Section 1961(1)(F) includes "any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens)." Section 274 of the Immigration and Nationality Act is codified as 8 U.S.C. § 1324.

21. Title 18 U.S.C. § 984 states as follows:

(a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in a account in financial institution (as defined in section 20 of this title), or precious metals—

(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

22. Defendant Property constitutes or is derived from proceeds traceable to one or more violations of 8 U.S.C. § 1324, or is properly considered fungible property under 18 U.S.C. § 984, and is therefore forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

## SECOND CLAIM FOR RELIEF

23. The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth herein.

24. Title 18 U.S.C. § 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property."

6

25.     Defendant Property was involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and 1957 or is traceable to such property and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs, and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Filed Electronically April 29, 2024*

TAYLOR F. HARTSTEIN
Assistant U.S. Attorney
201 Third Street NW
Suite 900
Albuquerque, NM 87102
(505) 346-7274